**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JEFFREY STEVENS,
Petitioner,

v.

BATH IRON WORKS CORPORATION;

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

No. 96-2599

On Petition for Review of an Order
of the Benefits Review Board.
(BRB-95-1950)

Argued: March 6, 1998

Decided: July 27, 1998

Before NIEMEYER, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Edward Paul Gibson, RIESEN LAW FIRM, L.L.P.,
North Charleston, South Carolina, for Petitioner. Richard Fenn
van Antwerp, ROBINSON, KRIGER & MCCALLUM, Portland,
Maine, for Respondents. **ON BRIEF:** Allison A. Stover, RIESEN
LAW FIRM, L.L.P., North Charleston, South Carolina, for Petitioner.
Thomas R. Kelly, Daniel Nuzzi, ROBINSON, KRIGER & MCCAL-
LUM, Portland, Maine, for Respondent Bath Iron Works.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jeffrey Stevens, proceeding under the Longshore and Harbor Workers' Compensation Act, seeks to compel Bath Iron Works to bear the cost of back surgery and temporary total disability benefits relating to the surgery. Although Stevens had a prior history of back problems, he aggravated his condition in 1989 while working for Bath Iron Works. The ALJ denied benefits, finding that Stevens' need for back surgery is not related to his 1989 work-related injury, and the Benefits Review Board affirmed by operation of Public Law 104-134.

On appeal, Stevens contends (1) that the ALJ's determination that his need for surgery is unrelated to his prior workplace injury is not supported by substantial evidence, and (2) that the ALJ erred in not holding that a 1992 compensation order voluntarily entered into by Bath Iron Works to obtain Special Fund relief precludes Bath Iron Works from now arguing that it is not liable for the requested bene- fits. For the reasons given below, we affirm.

I

Stevens was first employed at Bath Iron Works located in Bath, Maine, in 1978, working as a tinsmith. In March 1989, he sustained a lower back injury at work when he attempted to pick up a box of bolts weighing between 100 and 175 pounds. As a result of this injury, Stevens missed more than four months of work and returned to work on limited duty. Shortly thereafter, in January 1991, he moved to South Carolina where he found work in a grocery store.

Even before his work-related injury, Stevens had had a lengthy his- tory of lower back problems. In addition to a congenital abnormality in his spine, Stevens was involved in an automobile accident in December 1973, for which he received treatment to his back for three

2

months. In 1979, his back condition flared up again, requiring continuing treatment until 1981. In January 1988, he sustained another back injury in an automobile accident that caused him to remain out of work for eight months. He settled a lawsuit based on that accident for $82,500.

Stevens currently suffers from a symptomatic pseudarthrosis of the lower lumbar vertebrae in the sacrum and degenerative lumbar disc disease. Essentially, Stevens has an extra spinal segment in his lower back and a degenerative condition in the tissues between his lower lumbar vertebrae. His treating physician, Dr. Donald Johnson, a board-certified orthopedic surgeon, has recommended that Stevens undergo surgery to remove the discs at the lowest two lumbar levels with a fusion done across the vertebrae above and below those discs. It is for this operation that Stevens seeks compensation from Bath Iron Works on the grounds that his current condition is related to his 1989 work-related injury.

Relying on the opinions of Dr. Johnson and Dr. John W. Wickenden, the only doctor who had seen Stevens both before and after his work-related injury, the ALJ concluded that Stevens' degenerative lumbar disc disease and the symptomatic congenital pseudarthrosis of the lowest lumbar vertebrae in the sacrum were present in 1988 and were not affected by the lifting incident at Bath Iron Works in 1989. The ALJ quoted approvingly from Dr. Wickenden's opinion as follows:

> The lifting incident which occurred at Bath Iron Works on March 2, 1989 is of no orthopedic/medical consequence to the history of this man's spinal pathology. That injury caused a transient exacerbation of symptoms which had been consistently present for at least fourteen months prior to that time, and symptoms which had occurred intermittently since 1973. Images taken prior to March, 1989 are essentially the same as images which have been taken in the interval since that time. . . . The basis for his surgery is congenital and degenerative disease which first showed itself in 1973 and became more chronically persistent after January 1988. I see no meaningful way in which any current, or

3

hypothetical future, physical restrictions can be attributed to a lifting incident at Bath Iron Works during March, 1989.

Accordingly, the ALJ denied any further benefits. From the affirmance of the Benefits Review Board by operation of law, this appeal followed.

II

Under the Longshore Act, an employer is liable to his employees for "such medical, surgical, and other attendance or treatment . . . for such period as the nature of the injury or the process of recovery may require." 33 U.S.C. §§ 904, 907. Furthermore, it is presumed that a claim for compensation under the Longshore Act comes within the scope of the Act's coverage "in the absence of substantial evidence to the contrary." Id. at 920(a). An employer, however, must provide benefits for only those injuries that "aris[e] out of and in the course of employment." Id. at § 902(2).

In this case, the ALJ found that the need for the proposed surgery on Stevens' back was unrelated to Stevens' 1989 work injury and that therefore Bath Iron Works was not required by the Longshore Act to pay the costs of surgery. We must uphold this decision if it is "supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3); see also Newport News Shipbuilding and Dry Dock Co. v. Tann, 841 F.2d 540, 543 (4th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Moreover, "the ALJ's findings may not be disregarded on the basis that other inferences might have been more reasonable. Deference must be given the fact-finder's inferences and credibility assessments, and we have emphasized[that] the scope of review of ALJ findings is limited." Newport News Shipbuilding, 841 F.2d at 543 (citation omitted).

The ALJ's finding that Stevens' lower back problems were "not related in any way to the trivial lifting incident at Bath Iron Works on March 2, 1989," is supported by the medical evidence provided by both Dr. John Wickenden, a board-certified orthopedic surgeon who

treated Stevens from November 1988 until April 1990 and who reviewed Stevens' medical records from 1979 to 1994, and by Dr. Johnson, Stevens' current treating doctor. According to Dr. Wickenden, Stevens' lower back problems started in 1973, following his involvement in the first of two automobile accidents, and continued intermittently over the next two decades. In Dr. Wickenden's opinion, the "real cause" of Stevens' back problems "was some combination of congenital anomalies and degenerative changes in his low back." Dr. Wickenden stated that x-rays taken of Stevens' lower back as early as 1979 revealed "essentially the same pathology" as imaging studies done as recently as 1993. Based on these findings, Dr. Wickenden concluded,

> The basis for [Stevens'] surgery is congenital and degenerative disease which first showed itself in 1973 and became more chronically persistent after January 1988. I see no meaningful way in which any current, or hypothetical future, physical restrictions can be attributed to a lifting incident at Bath Iron Works during March 1989.

Dr. Johnson seconded Dr. Wickenden's finding that Stevens' lower back problems predated Stevens' March 1989 injury by well over a year and were of "longstanding" and "permanent" duration.

Stevens presented no medical evidence at the hearing before the ALJ that contradicted the opinions offered by Dr. Wickenden and Dr. Johnson. The only evidence that Stevens presented that even remotely supported his claim that his current back condition is related to his March 1989 injury was his own testimony which the ALJ discredited in light of Stevens' admitted failure to disclose his complete medical history to three of his treating physicians. We cannot say that this credibility determination was in error. See Newport News Shipbuilding, 841 F.2d at 543.

Accordingly, we find that the ALJ's decision to deny the requested benefits is supported by substantial evidence in the record considered as a whole.

III

Stevens objects to the ALJ's having decided the causation issue in this proceeding because the issue was not properly before the ALJ,

5

having been decided when Stevens was first provided benefits for his 1989 injury. He argues that because 33 U.S.C. § 907(a) requires the employer to pay medical benefits indefinitely, the only issue was whether Bath Iron Works "is responsible for payment for the surgery prescribed by Dr. Johnson" and for related disability and medical expenses.

Stevens, however, misunderstands the statutory scheme because Bath Iron Works' continuing liability under the Longshore Act for the costs of the proposed surgery is predicated on a finding that the surgery is intended to treat an injury that arose out of and in the course of Stevens' employment at Bath Iron Works. See 33 U.S.C. § 902(2); see also Colburn v. General Dynamics Corp., 21 B.R.B.S. 219 (1988) (where employee's condition is not natural or unavoidable result of workplace injury, but is result of intervening cause, employer is relieved of liability for disability and medical expenses). Thus, demonstrating a causal connection between Stevens' current need for surgery and his March 1989 workplace injury is a necessary precondition to Bath Iron Works' liability for the surgery under the Longshore Act.

Stevens also contends that the issue of causation had already been decided by a 1992 compensation order voluntarily entered into by Bath Iron Works and that that order constitutes res judicata in this case. The 1992 order provided that starting in April 1992 the Longshore Act's § 8(f) Special Fund would pay Stevens permanent partial disability benefits based on the "combined result of the injury sustained on March 2, 1989, superimposed on the pre-existing permanent partial disability to the back." See 33 U.S.C. § 908(f). In addition, the order stated that Bath Iron Works "remains liable for medical care related to the employment injury." (Emphasis added). This provision clearly leaves open the question of whether Stevens' current need for surgery was caused, even in part, by the March 1989 lifting incident. Because the order did not decide the causation issue before us, res judicata does not apply.

For the foregoing reasons, the decision of the Benefits Review Board is

AFFIRMED.

6